DONALD J. QUERIO (State Bar No. 54367)
JON D. IVES (State Bar No. 230582)
jdi@severson.com
M. ELIZABETH HOLT (State Bar No. 263206)
meh@severson.com
Severson & Werson, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
Wells Fargo Bank, N.A. (sued as
Wells Fargo Home Mortgage, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AGNES BLACKWELL,<br><br>    Plaintiff,<br><br>    vs.<br><br>WELLS FARGO HOME MORTGAGE, INC.,<br><br>    Defendant. | Case No.:  CV10-04917 JF (PVT)<br><br>**WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT/ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Date:           January 28, 2011<br>Time:          9:00 A.M.<br>Courtroom: 3, 5th Floor<br>Judge:         The Hon. Jeremy Fogel<br><br>Complaint filed: October 29, 2010 |

## I. INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (sued as Wells Fargo Home Mortgage, Inc.) respectfully submits this reply[1] in support of its motion to dismiss plaintiff Agnes Blackwell's Complaint and also in support of its alternative motion for more definite statement. Blackwell's opposition offers no meaningful argument in opposition to any point made in Wells Fargo's motions. The opposition does, however, raise several issues which require elaboration and

---

[1] Wells Fargo attempted to file this reply on its due date, January 14, 2011, but was unable to do so because of an outage in the Court's Electronic Case Filing system. Accordingly, it is filing on January 18, 2011, the next business day after January 14.

clarification.  First, it tries to obfuscate the legal standard by falsely suggesting that the Court should not apply the well-established review described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Second, it attempts, unpersuasively, to convince the Court to apply the doctrine of equitable tolling to its time-barred claims.  Third, it attempts to raise two new claims which are not clearly delineated as such in the complaint.  Finally, it makes frivolous and entirely unwarranted accusations designed to impugn the character of counsel for Wells Fargo, and requests the Court to impose sanctions—all for the crime of moving to dismiss.

Despite all these distractions, the simple fact remains that Blackwell's complaint is entirely lacking in merit.  It is subject to prompt dismissal by this Court.

## II.  THE *TWOMBLY/IQBAL* STANDARD APPLIES TO THIS CASE

Blackwell's opposition presents a threshold question which must be addressed upfront: she challenges the well-established legal standard by which the Court must review Wells Fargo's motion to dismiss.  *See* Opposition at 23.  Specifically, Blackwell claims: "In regards to a Pro Se Plaintiff, it is maintained by the Plaintiff that *Bell Atlantic Corp. v. Twombly* [550 U.S. 544 (2007)] and *Ashcroft v. Iqbal* [129 S. Ct. 1937 (2009)] standards do not apply."  *Id.*

Blackwell is incorrect to claim that *Twombly* and *Iqbal* standards are inapplicable to her case.  It is true that, in its 2010 decision *Hebbe v. Pliler*, the Ninth Circuit noted that pro se <u>prisoner</u> complaints "'must be held to less stringent standards than formal pleadings drafted by lawyers,' as the Supreme Court has reaffirmed since *Twombly*."  627 F.3d 338, 341-42 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (also a pro se prisoner case)).  It is not clear that the holdings of *Erickson* and *Hebbe* extend to <u>non-prisoner</u> pro se cases, such as this one.  But assuming for the sake of argument that they do, even *Hebbe* takes care to note that *Iqbal* is still the applicable standard.  *Id.* at 342 ("we continue to construe pro se filings liberally <u>when evaluating them under *Iqbal*</u>" (emphasis added)).  Thus, *Hebbe* explains, the post-*Iqbal* standard of pleading is still "higher" than it was pre-*Iqbal*.  *Id.*  It is simply the Court's obligation, "where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  *Id.*

1    Here, in this non-prisoner, non-civil rights case, even if the Court were to apply the

2  *Twombly/Iqbal* standard with an extreme measure of liberality, there would be no avenue by which

3  Blackwell's complaint could survive the pleading stage. A large portion of the complaint—

4  including almost the entire facts section—is garbled and impossible to understand. Moreover, no

5  amount of liberal construction can save causes of action whose statutes of limitation have run, as is

6  the case with four[2] of the complaint's six claims. The two remaining claims,[3] while not time-

7  barred, nonetheless also fail for incontrovertible reasons of law which Blackwell makes no attempt

8  to address in her opposition. The opposition's transparent attempt to confuse the Court by

9  introducing a fake legal standard should be entirely disregarded.

### III.  FOUR OF THE SIX CLAIMS ARE TIME-BARRED AND THE COMPLAINT FAILS TO ALLEGE ANY COLORABLE BASIS FOR EQUITABLE TOLLING

The statutes of limitations for negligence, fraud, intentional infliction of emotional distress ("IIED"), and TILA are set forth in detail in Wells Fargo's motion to dismiss. Briefly, they are: two years for negligence and IIED, Cal. Code Civ. P. § 335.1; three years for fraud, *id.* § 338(d); one year for a damages-based TILA claim, 15 U.S.C. § 1640(e); and three years for a rescission-based TILA claim, *id.* § 1635(f).

Blackwell's opposition seems to concede that these claims are time-barred, but she nonetheless argues that the statutes of limitation should be subject to the doctrine of equitable tolling (also known as the discovery rule). Specifically, she claims that she "had no notice of wrong doing until the improprieties of the real estate market were finally made public in the popular media." Complaint at 5.

It is true that the doctrine of equitable tolling "is designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied." *McDonald v. Antelope Valley*

---

[2] The four time-barred claims are negligence, fraud, intentional infliction of emotional distress, and alleged TILA violations.

[3] The remaining two claims are breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing.

-3-

*Community College Dist.*, 45 Cal. 4th 88, 99 (2008). "Where applicable, the doctrine will suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Id.*

"Whether the discovery rule applies at all is initially a matter of pleading. . . . This pleading requirement is a procedural safeguard against lengthy litigation on the issue of accrual." *Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1150 (1991). Specifically, "the three elements necessary to establish the doctrine of equitable tolling are (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff." *Garabedian v. Skochko*, 232 Cal. App. 3d 836, 846 (1991).

Blackwell, however, does not allege the first two elements of equitable tolling at all, and she makes only the most conclusory and unpersuasive allegations as to the third. Firstly, Wells Fargo had no timely notice that it could expect this lawsuit so many years after its predecessor in interest (Wachovia) lent money to Blackwell. The complaint alleges nothing to indicate that this first prong of equitable tolling is satisfied.

Secondly, the complaint does not aver, and cannot plausibly ever aver, the existence of the next prong—namely that Wells Fargo has not been prejudiced by the long delay. This lawsuit was filed many years after the loans were made, and since that time, it is highly probable that "evidence has been lost, memories have faded, and witnesses have disappeared." *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349 (1944) (observing that "[t]he theory [behind statutes of limitation] is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them"). Blackwell offers no explanation as to how the difficulties enumerated in *Railroad Telegraphers* would not prejudice Wells Fargo, in the event the statutes were tolled.

Finally, as to the final element of the discovery rule, it is well-settled that "[a] plaintiff whose complaint shows on its face that his or her claim would be barred by the applicable orthodox statute of limitations, and who intends to rely on the discovery rule to toll the orthodox limitation period, must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *CAMSI IV v. Hunter Tech.*

*Corp.*, 230 Cal. App. 3d 1525, 1536 (1991). Here, the complaint alleges nothing persuasive or specific on either prong of *CAMSI*. Blackwell's argument is essentially that she should be allowed to proceed with her lawsuit because of an unspecified item which she saw on TV or the internet, which suddenly caused her to "discover" her claims. This is patently inadequate.

In light of these considerations, the Court may easily dispose of the four time-barred claims. Moreover, as no conceivable amendment of the pleadings can bring the events surrounding loan origination within the applicable statutes of limitations, any dismissal should be with prejudice.

### IV. THE OPPOSITION MAKES NO ATTEMPT TO CONTROVERT WELLS FARGO'S ARGUMENTS AS TO BREACH OF FIDUCIARY DUTY OR BREACH OF THE IMPLIED COVENANT

As to the complaint's two remaining claims, Blackwell's opposition does not even try to controvert the arguments presented in Wells Fargo's motion to dismiss. It is unnecessary to repeat those arguments here at great length, but briefly, Wells Fargo's position on breach of fiduciary duty is simply that (in the absence of special circumstances not relevant here) no fiduciary duty ever exists between borrowers and lenders. *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991). Wells Fargo had no duty that it could breach.

Likewise, as to breach of the implied covenant of good faith and fair dealing, Blackwell's complaint fails to identify any express provision in the Deed of Trust or promissory note which has been frustrated by Wells Fargo's conduct. *See Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1154 (E.D. Cal. 2010). The implied covenant only exists to the extent that it "rests upon the existence of some specific contractual obligation." *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1160 (E.D. Cal. 2010). Blackwell fails to point to a single "specific contractual obligation" that Wells Fargo in any way thwarted or frustrated.

For these reasons—whose persuasiveness Blackwell has effectively conceded by her failure to challenge them—the Court should grant Wells Fargo's motion to dismiss on the two remaining claims stated in the complaint.

### V. THE OPPOSITION APPEARS TO RAISE NEW CLAIMS WHICH THE COMPLAINT DOES NOT CLEARLY DELINEATE AS SUCH

In an attempt to cut through the hodgepodge of the complaint, Wells Fargo's motion to dismiss addresses what is essentially its counsel's best guess as to which claims for relief Blackwell intends to aver. As noted in Wells Fargo's alternative motion for a more definite statement, however, there are innumerable additional references to state and federal law scattered throughout the complaint. Interestingly, Blackwell's opposition seems to assume that the complaint asserts two additional claims for relief which are not specifically addressed by Wells Fargo's motion to dismiss: a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, ("RESPA") and quiet title. Why these two would-be claims (rather than others) have emerged from the morass of Blackwell's complaint is unclear; and if indeed they are intended to be formal causes of action, Wells Fargo requests a more definite statement as to their substance. Nonetheless, should the Court wish to address these "claims" substantively at this juncture, Wells Fargo offers the following brief observations.

First, any RESPA claims Blackwell might bring are time-barred and cannot get off the ground. Generally speaking, most alleged violations of RESPA have a statute of limitations of one or three years from the consummation of the loan, depending on which statute is alleged to be violated. 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, or 2608 of this [RESPA] may be brought . . . within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation[.]"). As discussed above and in the motion to dismiss, this lawsuit was filed significantly more than three years after the date of Blackwell's mortgage loan.

Likewise, Blackwell's quiet title "claim," and any other equitable claim she might choose to aver, would also be non-starters in the absence of an offer to tender her debt in full. Under California law, a plaintiff lacks standing to challenge a foreclosure sale in equity unless he or she first tenders the undisputed obligation in full. The failure to tender bars any cause of action challenging the foreclosure, including causes of action for wrongful foreclosure. Cal. Civ. Code, §§ 1487, 1493, 1494, 1495; *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996)

-6-

(explaining that the tender rule applies to "any cause of action for irregularity in the sale procedure").

For these reasons, to the extent that the complaint can be construed as bringing RESPA and quiet title claims, it should not be allowed to survive the pleading stage.

## VI.  THE COURT SHOULD IGNORE BLACKWELL'S REQUEST FOR SANCTIONS

One final point remains to be addressed: Blackwell's opposition casually requests the Court to impose sanctions on Wells Fargo's counsel "for filing a frivolous pleading and for failing to speak with candor to the court as Defendant is totally inept or acted with deliberate intent to improperly influence the court with false pleadings." Opposition at 2.  These are serious charges which should not be asserted lightly, as Blackwell seems to do.  Moreover, they are, of course, totally groundless.  It is not a sanctionable offense to move to dismiss what is essentially an incomprehensible and meritless complaint.  Wells Fargo has the right to defend itself against this lawsuit to the full extent permitted by the Federal Rules of Civil Procedure, including making all appropriate motions under Rule 12.

Recognizing the gravity of sanctions requests, Local Rule 7-8 prescribes a strict procedure to which any party requesting sanctions must adhere.  As Blackwell has made no attempt to comply with Rule 7-8, the Court should simply ignore her opposition's ridiculous posturing.

## VII.  CONCLUSION

Blackwell's complaint must fail in its entirety due to its untimeliness, general imcomprehensibility, and utter failure to allege facts sufficient to support the claims it attempts to aver.  Wells Fargo respectfully requests the Court to grant its motion to dismiss in full; and at an absolute minimum, the Court should require a more definite statement.

DATED: January 14, 2011

SEVERSON *&* WERSON
A Professional Corporation

By: _____/s/___*M. Elizabeth Holt*_____
　　　　　M. Elizabeth Holt

Attorneys for Defendant
Wells Fargo Bank, N.A.

-7-

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT/ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

on all interested parties in said case addressed as follows:

| | |
|---|---|
| Agnes Blackwell<br>P.O. Box 4418<br>Santa Clara, CA 95056 | Telephone: (408) 396-2425<br><br>***In Propria Persona*** |

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in San Francisco, California, on January 19, 2011.

_____
Sylvia Coleman