**E-filed 1/26/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AGNES BLACKWELL, | Case Number CV-10-04917-JF |
| Plaintiff, | ORDER[1] GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| WELLS FARGO HOME MORTGAGE, INC., | [Re: Docket Nos. 12, 22, 28] |
| Defendant . | |

Defendant Wells Fargo Bank, N.A. moves to dismiss all claims for relief in Plaintiff's complaint. Plaintiff alleges violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., and related state law claims. The Court concludes that the motion is appropriate for determination without oral argument and will vacate the hearing scheduled January 28, 2011. *See* Civ. L.R. 7-1(b).

**I. DISCUSSION**

Initially, the Court finds that Plaintiff is incorrect in her assertion that the *Twombly/Iqbal* standard is inapplicable to plaintiffs proceeding *pro se*. Opposition at 23. The Ninth Circuit

---

[1] This disposition is not designated for publication in the official reports.

Court of Appeals recently has held that the standard for reviewing complaints filed by *pro se* plaintiffs is that articulated by the United States Supreme Court in *Ashcroft v. Iqbal*. *Hebbe v. Pliler*, 627 F. 3d 338, 341-342 (9th Cir. 2010). At the same time, in applying the *Iqbal* standard the Court does have an obligation to construe *pro se* filings with heightened liberality in order to give the *pro se* party the benefit of the doubt. *Id*. (citing *Bretz v. Kelman*, 773 F. 2d 1026, 1027 n. 1 (9th Cir. 1985)(en banc)). The Court is mindful of this obligation.

Plaintiff alleges in some form or another a total of eight claims, which for convenience may be grouped as follows:

**Group 1**. Plaintiff alleges claims of negligence, fraud, intentional infliction of emotional distress, and violation of the Truth in Lending Act (15 U.S.C. § 1601 *et. seq.*)("TILA"). Based upon Plaintiff's present factual allegations, each of these claims is time-barred. Plaintiff argues that the applicable statutes of limitations are subject to the doctrine of equitable tolling. Under California law, "the three elements necessary to establish the doctrine of equitable tolling are (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff." *Garabedian v. Skochko*, 223 Cal. App. 3d 836, 846 (1991). With respect to her state-law claims, Plaintiff has failed to plead these elements with the required particularity.

The federal equitable tolling doctrine applies when a federal statute contains a specific statute of limitations, as does TILA. When determining whether the federal equitable tolling doctrine applies to a particular federal statute, the Court must consider if equitable tolling would promote the Congressional purpose underlying the statute at issue. *Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 427 (1965). Ninth Circuit authority holds that the remedial nature of the TILA statute permits the district court to apply the equitable tolling doctrine in appropriate circumstances. *King v. State of Cal.*, 784 F. 2d 910, 915 (9th Cir. 1986). Here, Plaintiff claims she lacked sufficient notice of any violations as a result of Defendant's fraud and other misrepresentations. Opposition at 4. She asserts that it was not until reports surfaced in the media that she became aware of the violations perpetrated against her by Defendant. *Id*. at 5. In essence, Plaintiff alleges delayed discovery, which requires her to show that: (1) she had no

2

1  knowledge of the injury; (2) she lacked means for obtaining such knowledge; and (3) how and
2  when she actually learned of the injury. *California Sansome Co. V. U.S. Gypsum*, 55 F. 3d. 1402,
3  1407 (9th Cir. 1995). At this point, Plaintiff has failed to the elements sufficiently

4  **Group 2**. Plaintiff also alleges that Defendant breached a fiduciary duty arising from their borrower-lender professional relationship. As a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). Nothing in Plaintiff's complaint suggests that Defendant exceeded its conventional role as a mere money lender or acted in any way as an investment advisor. "A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such. The same principle should apply with even greater clarity to the relationship between a bank and its loan customers." *Prince v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476-478 (1989). No fiduciary relationship exists between borrower and lender absent proof that Defendant represented and conducted itself as more than a mere lender of money.

Additionally, Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing. She is correct that every contract "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *McClaim v. Octagon Plaza, LLC*, 159 Cal. App.4th 784, 799 (2008). Although it is not entirely clear, the Court presumes that Plaintiff is asserting her claim based on principles of contract and not tort. Either way, Plaintiff's claim for breach of the covenant of good faith and fair dealing is insufficiently alleged. To the extent that the claim is grounded on alleged tortious actions, the claim appears to be barred by the two year statute of limitations. *See* Cal. Code Civ. P. § 339(1). Similarly, to the extent the claim is based on a contract, it is insufficient because a implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of [the parties] agreement." *Id.* at 806. Plaintiff fails to allege any specific provision within the deed of trust or promissory note which has been frustrated by Defendant's conduct.

**Group 3**. Finally, Plaintiff alleges violations of the Real Estate Settlement Procedures

Act, 12 U.S.C. § 2601 *et seq*., ("RESPA"). Depending on which specific provision of the statute is asserted RESPA claim must be made within one to three years after consummation of the loan. 12 U.S.C. § 2614. Plaintiff bases her RESPA claim on 12 U.S.C. § 2607, and the relevant statute of limitations for that claim is one year. "The RESPA statute of limitations generally begins to run no later than the date of actual disclosure of actions constituting an alleged violation. Typically, in cases involving loan documents, the statute begins to run when the documents are signed unless evidence is presented to override this assumption." *Metcalf v. Drexel Lending Group*, 2008 U.S. Dist. LEXIS 87420, *9 (S.D. Cal. 2008). The loan at issue was consummated on May 30, 2007, and the complaint was not filed until October 29, 2010. Thus, even if Plaintiff intended to assert violations of §2605 (three-year statute of limitation) instead of §2607, her RESPA cause of action would be time-barred.[2]

## II. ORDER

Accordingly, the Defedant's motion to dismiss is granted, with leave to amend. Any amended pleading shall be filed within twenty (20) days after the date of this order. The hearing scheduled for January 28, 2011 is hereby vacated.

**IT IS SO ORDERED**

DATED:   January 26, 2011

JEREMY FOGEL
United States District Judge

---

[2] Plaintiff also seeks to quiet title. It is well-settled that to challenge a non-judicial foreclosure sale an offer to tender the debt in full is required. *Karlsen v. American Savings & Loan Ass'n*, 15 Cal. App.3d 112, 117 (1971). Plaintiff does not allege that she has made such a tender or has the ability to do so.

1
2  A copy of this order has been sent to:
3
4  Agnes Blackwell
   P.O. Box 4418
   Santa Clara, CA 95056
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5
Case No. CV-10-04917
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)