1

2

3                                        **E-filed 6/16/2011**

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   AGNES BLACKWELL,                      | Case Number CV-10-04917-JF

13                        Plaintiff,        | ORDER[1] GRANTING MOTION TO
                                            | DISMISS; DENYING MOTION FOR
14            v.                            | SANCTIONS

15   WELLS FARGO HOME MORTGAGE, INC.,       | [Re: Docket Nos. 41, 48]

16                        Defendant .

17

18        Plaintiff Agnes Blackwell filed this action following the commencement of non-judicial

19   foreclosure proceedings on her home.  The Court dismissed her original complaint for failure to

20   state a claim upon which relief may be granted, allowing her twenty days within which to file

21   any amended pleading.  Blackwell filed her amended complaint ten days late.  Defendants Wells

22   Fargo Bank, N.A. (Wells Fargo) and Mortgage Electronic Registration Systems, Inc. (MERS),

23   joined by Defendant Federal National Mortgage Association (Fannie Mae), move to strike the

24   amended complaint as untimely, or in the alternative, to dismiss for failure to state a claim upon

25   which relief may be granted.  The Court is satisfied that Blackwell, who is representing herself in

26   this action, made a good faith error in calculating the time allowed for filing an amended

27

28        [1]      This disposition is not designated for publication in the official reports.

Case No. CV-10-04917
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
(JFLC3)

1  complaint and in its discretion will deny the motion to strike.  However, because the amended

2  complaint fails to remedy the deficiencies identified by the Court in its order granting Wells

3  Fargo's motion to dismiss the original complaint, Defendants' alternative motion to dismiss will

4  be granted without further leave to amend.

5                                          **I.  BACKGROUND**

6          On May 30, 2007, Blackwell obtained a loan from Wachovia Mortgage Corp., now

7  known as Wells Fargo Home Mortgage, Inc., a division of Wells Fargo, in the amount of

8  $416,000.  *See* Defendants' Request for Judicial Notice ("RJN") Ex. A (Deed of Trust).  As

9  security for the loan, Blackwell executed a deed of trust that was recorded on June 6, 2007.  *Id.*

10  The deed of trust identifies Wachovia as the lender; TRSTE, Inc., as the trustee; and MERS as

11  the beneficiary and nominee for the lender.  *Id.*

12         Blackwell alleges that she was told by an agent of Wells Fargo that her monthly

13  payments would not exceed $2,200 and would be fixed for the life of the loan, but that when she

14  closed on the loan she learned that her payments actually would be $2,988 including taxes and

15  insurance, and that the loan would be interest-only for 180 months and thereafter would become

16  a fifteen-year loan with monthly payments of $3,595.38.  First Amended Complaint (FAC) ¶ 61.

17  Blackwell also alleges that she was assured by Wells Fargo that the loan was affordable and that

18  she would be able to refinance the loan at a lower rate when the housing market improved.  FAC

19  ¶ 62.  She alleges that she was forced to close on the loan for fear of losing her deposit in the

20  sum of $14,000.  Blackwell also alleges that Wachovia, along with her real estate agent and

21  appraiser, artificially inflated the sale price of the property.  FAC ¶ 3.

22         A substitution of trustee dated September 4, 2009, and recorded on February 19, 2010,

23  named The Wolf Firm as trustee of the deed of trust.  RJN Ex. C.  On September 4, 2009, The

24  Wolf Firm filed a notice of default, stating that it was acting as either "the duly appointed

25  substitute trustee" or as " an agent for the beneficiary." [2] RJN Ex. D.  A trustee's sale occurred

26

27  _____

28         [2]  The Wolf Firm initially filed a notice of default on August 18, 2009, but rescinded that
notice on September 4, 2009.  Compl. Ex. 3-5.

Case No. CV-10-04917
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
(JFLC3)

1  on March 11, 2010, and the property was purchased by Fannie Mae.  RJN Ex. E.  Blackwell filed

2  this action against Wells Fargo on October 29, 2010.

3                                      **II.  DISCUSSION**

4  **A.     Motion to Strike**

5          Defendants move to strike the amended complaint in its entirety because it was filed ten

6  days late.  Blackwell concedes that her filing was untimely but states that she mistakenly

7  believed that she had twenty business days rather than twenty calendar days within which to

8  amend and that this period ran from the date she received the order rather than the date the order

9  was signed.  In fact, the order stated explicitly that Blackwell had twenty days "from the date of

10  this order" to file any amended pleadings, Order of Jan. 26, 2011, and Rule 6 provides clear

11  guidance as to to how such a time period is to be calculated.  *See* Fed. R. Civ. P. 6(a)(1)(b)

12  ("[C]ount every day, including intermediate Saturdays, Sundays, and legal holidays.").

13  However, in light of Blackwell's *pro se* status, the strong policy interest in resolving cases on the

14  merits, and the disposition of Defendants' motion to dismiss, the motion to strike will be denied.

15  **B.     Motion to Dismiss**

16          As she did previously, Blackwell asserts that the *Twombly/Iqbal* standard[3] is inapplicable

17  to plaintiffs proceeding  *pro se*.  However, as the Court noted in its earlier order, controlling

18  Ninth Circuit authority holds otherwise.  *Hebbe v. Pliler*, 627 F.3d 338, 341-342 (9th Cir. 2010).

19  Dismissal for failure to state a claim under Rule 12(b)(6) thus is appropriate where "the

20  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal

21  theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  That

22  said, the Court is mindful of its obligation to construe  *pro se* filings with heightened liberality.

23  *Hebbe*, 627 F.3d at 342 (citing *Bretz v. Kelman*, 773 F. 2d 1026, 1027 n. 1 (9th Cir. 1985) (en

24  banc)).

25          In its order dismissing Blackwell's original complaint, the Court concluded that

26

27  _____

28      [3] *Bell Atlantic Corp. v.  Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct.
1937 (2009).

3

1    Blackwell's claims for negligence, fraud, and intentional infliction of emotional distress were

2    time-barred, and that Blackwell had not alleged with particularity facts that if proved would

3    entitle her to equitable tolling under California law.  Order of Jan. 26, 2011 at 4.  In her amended

4    complaint, Blackwell realleges these claims along with new claims for fraudulent concealment,

5    unjust enrichment and violations of the Fair Credit Reporting Act.  All of these claims arise from

6    events that allegedly occurred at or before the origination of the loan in May 2007 and are thus

7    time-barred on their face.  *See, e.g.*, Cal. Code Civ. Proc. § 338(d) (two year statute of

8    limitations for claim of fraudulent concealment); Cal. Code Civ. Proc. § 339(1) (two year statute

9    of limitations unjust enrichment); 15 U.S.C. § 1681 (two year statute of limitations for a

10   violation of the Fair Credit Reporting Act).

11           Blackwell contends that the statute of limitations for these claims should be tolled

12   because Defendants fraudulently concealed the nature of the loan.  As the Court observed in its

13   previous order, Blackwell must allege facts to show: (1) that she had no knowledge of her injury;

14   (2) that she lacked the means for obtaining such knowledge; and (3) how and when she actually

15   learned of the injury.  Order of Jan. 26, 2011 at 2-3 (citing *California Sansome Co. v. U.S.*

16   *Gypsum*, 55 F.3d 1402, 1407 (9th Cir. 1995)).  Blackwell alleges that she was told "*at the time of*

17   *signing*" that the monthly payment was $2,988.05 and that those payments would increase after

18   180 months.  FAC ¶ 61 (emphasis added).  Because the allegations show on their face that she

19   became aware of Defendants' misrepresentations at the time she closed on the loan in 2007,

20   Blackwell cannot contend that the statute of limitations with respect to her claims should be

21   tolled.  Similarly, Blackwell alleges no facts tending to show her delayed discovery of her claim

22   that the value of the property was inflated artificially by Defendants.

23           Blackwell does claim that in July 2010 she first learned of the provisions of the Truth in

24   Lending Act (TILA), 15 U.S.C. § 1601 *et seq*, which led her to conclude for the first time that

25   disclosures required by TILA had not been made.  However, the fact that a plaintiff is unaware

26   of the law is insufficient to toll a statute of limitations.  *See Hinton v. Nmi Pac. Enters.*, 5 F.3d

27   391 (9th Cir. 1993) ("As a general rule, absent some wrongdoing on the part of a defendant, a

28   plaintiff's ignorance of his cause of action . . . does not prevent the running of the limitations

4

1   period."). The amended complaint does not allege any facts tending to show that Defendants

2   prevented Blackwell from learning that she suffered harm.

3       Blackwell also asserts claims related to the events leading up to the trustee's sale of the

4   subject property. In particular, she alleges that because the substitution of trustee was not

5   acknowledged or recorded until February of 2010, the notice of default was not filed by an

6   authorized party and thus was invalid. However, these allegations are not supported by

7   California law.

8       California Civil Code § 2924(a)(1) provides a "trustee, mortgagee, or beneficiary or any

9   of their authorized agents" may initiate a nonjudicial foreclosure. While Blackwell focuses on

10  the dates that the substitution of trustee was acknowledged and recorded, the relevant date for

11  substitution granting trustee is the execution date. *Padayachi v. IndyMac Bank*, No. C 09-5545 JF

12  (PVT), 2010 U.S. 120963, at *4 (N.D. Cal. Oct. 28, 2010); *Wilson v. Pacific Coast Title

13  Insurance Co.*, 106 Cal. App. 2d 599, 602 (1951) (holding a substitution of trustee valid even

14  though it was not acknowledged until two years after the execution date). Moreover, even

15  assuming that The Wolf Firm was not a validly appointed trustee, Blackwell does not allege that

16  the firm was not acting as an agent for MERS, the beneficiary. *See* Cal. Civ. Code § 2924(a)(1)

17  (providing that a notice of default may be recorded by the trustee, mortgagee, beneficiary, or any

18  of their authorized agents).

19      At oral argument, Blackwell indicated that she intended to seek legal counsel and

20  requested that she be granted leave to amend her pleading after she obtains representation.

21  While the Court recognizes that consultation with an attorney may help Blackwell to understand

22  her legal situation, neither the original complaint nor the amended complaint allege any facts

23  suggesting that a viable federal claim could be stated. Accordingly, the motion to dismiss will

24  be granted without leave to amend. However, if after seeking legal advice, Blackwell is able to

25  articulate a valid claim for relief, the Court will entertain a motion for relief from judgment

26  pursuant to Fed. R. Civ. P. 60(b).

27  **C.      Motion for Sanctions**

28      In addition to opposing Defendants' motion, Blackwell moves for sanctions pursuant to

5

1    Fed. R. Civ. P. 11.  She contends that Defendants' motions were "a knee jerk reaction . . . simply

2    offered to waste time" and that Defendants' counsel "fail[ed] to speak with candor to the court."

3    Mot. ¶ 2.  Plaintiff asks that the Court impose monetary sanctions or strike Defendant's

4    pleadings pursuant to Rule 11(c).

5        "Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that

6    brings a claim for an improper purpose or without support in law or evidence." *Vann v. Aurora*

7    *Loan Servs. LLC*, No. 10-cv-04736-LHK, 2011 U.S. Dist. LEXIS 60223, at *22 (N.D. Cal. June

8    3, 2011) (quoting *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010)).

9    As is apparent from the foregoing discussion, the Court concludes that Defendants' motion to

10   dismiss is well-taken.  In addition, Blackwell has not shown that she complied with the "safe

11   harbor" provision of Rule 11, which requires that the party against whom sanctions are being

12   sought have twenty-one days after service of the motion to withdraw or correct its pleadings

13   before the motion for sanctions is filed with the Court.

14                                **II.  ORDER**

15        The motion to dismiss is granted, without leave to amend.[4]  Defendants' motion to strike

16   and Blackwell's motion for sanctions are denied.  The Clerk shall enter judgment and close the

17   file.

18   **IT IS SO ORDERED**

19

20   DATED:  June 16, 2011                    _____

21                             JEREMY FOGEL
                              United States District Judge

22

23

24

25

26

27

28        [4]  The foregoing analysis is equally applicable to all claims against all Defendants named
in Blackwell's amended complaint.

1

2 **IN THE UNITED STATES DISTRICT COURT**

3 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

4 **SAN JOSE DIVISION**

5

6 AGNES BLACKWELL,                              Case Number 5:10-cv-04917 JF

7                        Plaintiff,

8              v.                               CERTIFICATE OF SERVICE

9 WELLS FARGO HOME MORTGAGE, INC.,

10                       Defendant .

11

12

13     I, the undersigned, hereby certify that I am an employee of the Office of the Clerk, United States District Court, Northern District of California.

14     On June 16, 2011, I served a true and correct copy of the attached document to each of the persons hereinafter listed by placing said copy in a postage paid envelope and depositing said envelope in the United States mail, or by placing said envelope in the outgoing mail delivery receptacle located in the Clerk's Office:

15

16

17 Agnes Blackwell
P.O. Box 4418

18 Santa Clara, CA 95056

19 DATED:   June 16, 2011                       For the Court
                                               Richard W.  Weiking, Clerk
20

21                                             By:  _____/s/_____
                                               Diana Munz
22                                             Courtroom Deputy Clerk

23

24

25

26

27

28

Case No. CV-10-04917
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR SANCTIONS
(JFLC3)